TIMOTHY J. HOGAN 5312-0
ATTORNEY AT LAW
1050 Bishop Street, No.433
Honolulu, Hawaii 96813
Tel. No. (808) 382-3698
Fax No. (808) 356-1682
E-mail: tjh@timhogan.com

Attorney for Trustee
DAVID C. FARMER

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>Alameda, Avonelle L.,<br><br>Debtor. | CASE NO. 10-00500<br>(Chapter 7)<br><br>**TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO COVERT TO CHAPTER 13 AND REQUEST FOR A HEARING**<br><br>HEARING<br>Date: TBD<br>Time:<br>Judge: Honorable Robert J. Faris |

**TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO COVERT TO CHAPTER 13 AND REQUEST FOR A HEARING**

Comes now, David C. Farmer, the duly appointed Chapter 7Bankruptcy trustee for the Bankruptcy Estate of Avonell L. Alameda (the "Trustee") by and through the Trustee's undersigned counsel, and hereby submits his Trustee's Opposition to Debtor's Motion to Covert to Chapter 13 and Request for a Hearing.

# DISCUSSION

On February 23, 2010, the debtor Avonell L. Alameda (the "Debtor") commenced this voluntary case under Chapter 7 of the Bankruptcy Code. The Trustee is the duly appointed Trustee in this case and is serving under his blanket bond. The Estate's assets include the Debtor's interest in a residence located at 482 Nahalea Ave South Hilo 96720 TMK No. 3-2-1-21-80 (the "Property").

The Debtors' Schedules show that the Property is encumbered by a first mortgage lien held by Bank of America in the approximate amount of $69,692.00. The Debtor has scheduled joint unsecured creditors in the approximate amount of $18,632 and the property may be administered for their benefit. Based on the Debtor's schedules and the opinion of the Trustee's proposed broker, the Property represents over $100,000 in equity. This would be more than sufficient to satisfy the Estate's creditors in full.

In order to be entitled to convert to Chapter 13, the Chapter 7 Debtor must qualify to be a debtor under Chapter 13. *See* the Bankruptcy Code 11 U.S.C. §706(d). To be qualify under Chapter 13 the debtor must be "an individual with regular income." The Bankruptcy Code, 11 U.S.C. § 109(e). The Bankruptcy Code defines "individual with regular income" as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a

plan under chapter 13 of this title . . ." 11 U.S.C. § 101(30). The key is the Bankruptcy Code requires the Debtor to have sufficient means to make "payments" under a Chapter 13 plan and pay the Estate's creditors the equity that would be available under a Chapter 7 distribution. *See* the Bankruptcy Code 11 U.S.C. § 1325(a)(4). In this case, the Debtor's schedules are evidence that the Debtor cannot confirm a Chapter 13 Plan without selling the property. What the Debtor appears to be doing is seeking to find a way to continue to hold creditors off with no hope of confirming a Chapter 13 plan to perhaps have the case dismissed at a later date.

A request for Conversion is not absolute and may be denied if sought in "bad faith". *See Marrama v. Citizens Bank of Massachusetts (In re Marrama)* 549 U.S. 365, 375, n. 11 (2007). The inability of the Debtor to confirm a plan absent the same liquidation that the Trustee seeks, evidences that the requested conversion is made in bad faith. In any event, should the Court authorize the conversion, the Trustee should have standing to appear in the Chapter 7 case to seek the inevitable re-conversion. *See In re Barnes*, 275 B.R. 889 (Bankr. E.D.Cal.,2002).

Dated: Honolulu, April 27, 2010.

/S/Timothy J. Hogan
TIMOTHY J. HOGAN
Attorney for the Trustee
David C. Farmer